United States District Court
Southern District of Texas
**ENTERED**
January 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON AUBREY, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4142 |
| | § | |
| WAL-MART STORES TEXAS, LLC, *et al.*, | § § § | |
| | § | |
| Defendants. | § § § | |

**MEMORANDUM AND ORDER**

Brandon Aubrey, a Wal-Mart delivery driver, sued Wal-Mart Stores Texas, LLC; Tyrone Wiltz; and Robert Shannon Barrett, for injuries from a falling pallet. (Docket Entry No. 1). On June 27, 2023, Mr. Aubrey picked up pallets of merchandise from a Wal-Mart distribution center and drove the pallets to a Wal-Mart store in La Porte, Texas. He alleges that when he opened the trailer door at La Porte, a pallet collapsed and fell on him, causing injuries.

Mr. Aubrey sued in state court, and Wal-Mart removed to federal court, alleging that Mr. Wiltz and Mr. Shannon, the non-diverse defendants, were improperly joined. (Docket Entry No. 1 at 8). Mr. Aubrey moves to remand on the basis that Mr. Wiltz and Mr. Shannon were properly joined. (Docket Entry No. 2 at 1). The defendants have also moved to dismiss (Docket Entry Nos. 4, 6). Based on the parties' briefs, the record, and the relevant law, the court grants Mr. Rivas's motion to remand and so does not reach the motions to dismiss. The reasons for this ruling are set out below.

I.       **The Legal Standard for Remand**

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

"[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021). The Fifth Circuit has held that:

> [i]mproper joinder occurs when a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." The test is whether there is "no possibility of recovery by the plaintiff against an in-state defendant" or "no reasonable basis for [predicting recovery] against an in-state defendant." To determine if there was improper joinder, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Id.* at 1046 (footnotes and citations omitted).

"The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (alteration omitted) (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v.*

*Prudential Prop. & Cas. Inc.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

**II.   Analysis**

Mr. Aubrey sues Mr. Wiltz, the La Porte store manager, for negligence based on his independent duty to ensure that "the loading dock was properly staff [sic] and the individuals unloading the dock were properly trained." (Docket Entry No. 1-2 at 5). Mr. Aubrey alleges that "[j]ust before the [pallet] collapse, the Wal-Mart employee under the care and direction of Defendant Garza, left the site where the pallet was resting to go get help. (*Id.*). There is no Defendant Garza in this case. The court assumes that Mr. Aubrey is referring to Mr. Wiltz. Mr. Aubrey also sues Mr. Barrett, the shipping manager at the Wal-Mart distribution center, for negligence based on his independent duty to ensure "the pallets transported by Plaintiff were packaged and loaded properly as they departed the Distribution center," and alleges that he was injured because the load was not properly loaded. (*Id.*).

In his motion to remand, Mr. Aubrey argues that both Mr. Wiltz and Mr. Barrett were properly joined because they are liable, in their individual capacity, for causing the pallet to collapse and fall on him. (Docket Entry No. 2 at 5). Wal-Mart argues that Mr. Aubrey has not pleaded any facts showing that Mr. Wiltz and Mr. Barrett had a personal or direct role in the incident. (Docket Entry No. 8 at 3–4).

Under Texas law, "[a] corporate officer or agent can be liable to others, including other company employees, for his or her own negligence." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). An employee's individual liability arises when the employee "owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id*. For example, an employee "whose negligence causes an auto accident may be held individually liable along with

3

his or her employer when driving in the course and scope of employment," because the employee "owes a duty of reasonable care to the general public[.]" *Id.* Courts have held that if an "employee played a personal and active role in creating the dangerous condition at issue, then an independent duty of care existed, recovery was possible, and remand was appropriate." *Champion v. Wal-Mart Stores of Texas, LLC*, No. 5:16-CV-112, 2016 WL 1226942, at *3 (W.D. Tex. Mar. 24, 2016).

Courts have found that a store manager or employee owes an independent duty of care to a business-invitee plaintiff when the individual manager or employee is personally involved in creating the dangerous condition that injured the plaintiff. In *Salcedo v. Albertson's LLC*, No. 19-CV-137, 2019 WL 13194255, at *1 (W.D. Tex. Nov. 7, 2019), the plaintiff was injured by a box that fell on his head when he retrieved a product from a freezer. The court found that the individual defendant employee owed an independent duty of care to the plaintiff because, in failing to stack the boxes properly, the employee had a "direct" and "personal" role in creating the dangerous situation that injured the plaintiff. *Id.* at *4–*5. *See, e.g.*, *Lopez-Monroy v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-00051, 2019 WL 3302615, at *5 (S.D. Tex. July 23, 2019) (an employee had an independent duty of care to the plaintiff because she created the dangerous condition by operating the forklift); *Land v. Wal-Mart Stores of Texas, LLC*, No. 14-CV-009, 2014 WL 585408, at *1, *4 (W.D. Tex. Feb. 13, 2014) (the individual defendant employee had an independent duty of care to the plaintiff because his operation of the floor-cleaning machines created the dangerous condition).

By contrast, in *Padilla v. Wal-Mart Stores Texas, LLC*, No. 19-CV-004, 2019 WL 2565260 (W.D. Tex. Apr. 9, 2019), the plaintiff sued Wal-Mart and a Wal-Mart store manager for injuries incurred when she slipped and fell at the store. *Id.* at *1. The court held that the manager was improperly joined because the manager did not cause the slippery floor and did not participate in

4

an act or omission that led to the plaintiff's fall. *Id.* at *3; *see, e.g.*, *Molina v. Wal-Mart Stores, Texas, LLC*, No. 18-CV-1273, 2019 WL 410392, at *4 (W.D. Tex. Feb. 1, 2019) (store managers do not owe an independent duty of care to the plaintiff because the petition did not allege that the store managers created the dangerous situation); *Lyle v. 24 Hour Fitness, USA, Inc.*, No. 14-CA-300, 2014 WL 5094126, at *5 (W.D. Tex. Oct. 10, 2014) (a store manager did not have an independent duty of care to the plaintiff because the plaintiff failed to prove the manager's personal involvement in creating the dangerous conditions, even though the manager had "control, and/or supervision of the premises[.]").

Mr. Aubrey alleges that Mr. Barrett, the shipping manager at the Wal-Mart distribution center, was responsible for ensuring "the pallets transported by Plaintiff were packaged and loaded properly as they departed the Distribution center[.]" (Docket Entry No. 1-2 at 5). Wal-Mart claims that this responsibility was "by virtue of his management role[.]" (Docket Entry No. 1 at 13). Wal-Mart has submitted an affidavit from Mr. Barrett attesting that he did not interact with or inspect any of the pallets in question, (Docket Entry No. 8-1). Mr. Aubrey responds that his claims about Mr. Barrett are not about failures to perform his management role, but about his "direct safety responsibilities." (Docket Entry No. 2 at 8). Mr. Aubrey has stated that, if given leave to amend his complaint, he would add the allegation that Mr. Barrett was involved in the loading of the pallets and signed off on Mr. Aubrey's shipment. (Docket Entry No. 16-2 at 3). If, as Mr. Aubrey alleges, Mr. Barrett was personally responsible for ensuring that the pallets shipped out were properly loaded, whether through personal inspection, executing other safety protocols, or some other procedure, then there is a potential basis for finding state-court liability on the part of a nondiverse defendant. The credibility of the claims is a fact question that is improper to resolve at this point.

"Improper joinder occurs when a plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.' The test is whether there is 'no possibility of recovery by the plaintiff against an in-state defendant' or 'no reasonable basis for [predicting recovery] against an in-state defendant.'" *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021). The standard is not whether Mr. Aubrey's claim against Mr. Barrett survives a motion to dismiss, but whether the claim is reasonably likely to succeed in state court. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Inc.*, 276 F.3d 720, 723 (5th Cir. 2002).

Mr. Aubrey's initial pleadings do not allege personal involvement on the part of Mr. Wiltz, the La Porte store manager, alleging only that a Wal-Mart employee under Mr. Wiltz's supervision had improperly left the site. (Docket Entry No. 1-2 at 5). Mr. Aubrey has asked for leave to amend his complaint to add allegations that Mr. Wiltz instructed him to lean his body against the pallet to hold it in place, causing the pallet to fall on him. (Docket Entry No. 16-2 at 3–4). The court does not reach the question of whether Mr. Wiltz was improperly joined on the basis of the initial pleading—since no amended complaint has been filed—because the claim against Mr. Barrett necessitates remand.

Because Mr. Aubrey has pleaded a potential claim against at least one of the in-state defendants, Mr. Aubrey's motion to remand, (Docket Entry No. 2), is granted. An order of remand is separately entered.

SIGNED on January 8, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge